# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Anthony James Moore, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION TO** |
| ) | **COMPEL DISCOVERY** |
| vs. ) | |
| ) | |
| Timothy Schuetzle, ) | |
| Fargo Police Department, ) | |
| Thomas Dahl, suing all defendants in ) | |
| their individual and official capacities ) | Case No. 1:06-cv-079 |
| ) | |
| Defendants. ) | |

Before the court is the plaintiff's "Motion for Order Compelling Discovery Under Rules of Civil Procedure 37." The basis for the plaintiff's motion is as follows: the defendants have refused to respond to interrogatories and requests for documents served upon them by the plaintiff on October 23, 2006.

The court generally employs the following protocol in prisoner civil actions. It will conduct an initial review of the plaintiff's complaint as mandated by 28 U.S.C. § 1915A. Assuming that the complaint sets forth cognizable claims against properly joined defendants, it will order the Clerk's Office to serve the complaint upon the defendants. Once all of the defendants have filed a responsive pleading, it will direct the parties to submit a proposed scheduling plan. Thereafter, it will enter a pretrial order that addresses discovery and establishes pretrial deadlines.

Upon conducting an initial review of the plaintiff's proposed amended complaint, the undersigned, in an order dated November 20, 2006, concluded that the plaintiff had articulated five cognizable claims. The undersigned directed that the Clerk's Office to file the plaintiff's amended

1

complaint. However, the undersigned instructed the Clerk Office not to serve the defendants with copies of the amended complaint until receiving further instructions from the court. In the interim, the undersigned ordered the plaintiff to show cause why his fourth and fifth claims should not be severed and served as separate actions.[1] Plaintiff has now responded and the court's disposition of that matter will be the subject of separate order.

Plaintiff's discovery requests and his motion to compel are premature for two reasons. First, plaintiff's action has yet to be served on any of the defendants and they obviously have no obligation to respond to discovery until they have are parties to the lawsuit.

Second, Rule 26(d) of the Federal Rules of Civil Procedure provides that the parties may not seek discovery until they have conferred as required by Rule 26(f) for the purpose of developing a plan for discovery, among other things. In this case, however, the court will not require a Rule 26(f) conference given the difficulty the plaintiff has in conferring with the other parties. Rather, after the defendants have been served, the court will issue an order requiring each party to file a proposed scheduling/discovery plan pursuant to a form provided and the court will then issue a scheduling/discovery order. Until the court issues its discovery order, all discovery is stayed.

Accordingly, the plaintiff's "Motion for Order Compelling Discovery Under Rules of Civil Procedure 37" (Docket No. 10) is **DENIED** without prejudice as it is premature. Further, it is hereby ordered that all discovery is **STAYED** until the court issues its scheduling/discovery order.

---

[1] The plaintiff unsuccessfully appealed this order to the district court. (See Docket Nos. 11 and 12).

**IT IS SO ORDERED.**

Dated this 6th day of December, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge