**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Anthony James Moore, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **ORDER SEVERING CLAIMS** |
| vs. | ) |
| | ) |
| Timothy Schuetzle, | ) |
| Fargo Police Department, | ) |
| Thomas Dahl, suing all defendants in | ) Case No. 1:06-cv-079 |
| their individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

Following a screening of Anthony James Moore's ("Moore") amended complaint as required by 28 U.S.C. § 1915A, the undersigned issue an order on November 11, 2006, identifying the following claims for relief set forth in his amended complaint:

Claim One   Deprivation of adequate exercise by prison officials during extended confinement in administrative segregation resulting in cruel and unusual punishment.

Claim Two   Unlawful retaliation by prison officials on four allegedly causally-related occasions for his having engaged in protected conduct.

Claim Three   Use of excessive force by prison officials when taking him to and from his cell amounting to cruel and unusual punishment.

Claim Four   The refusal of the Fargo Police Department to provide copies of DNA tests related to his state-court conviction.

Claim Five      Unlawful retaliation by Special Agent Dahl of the North Dakota Crime Bureau consisting of his allegedly maliciously instituting criminal proceedings against Moore.

In the screening order, the court observed that Moore had also filed a motion seeking leave to file a second amended complaint. The undersigned stated that this motion would be addressed after Moore had the opportunity to address what the court perceived were deficiencies with respect to the amended complaint that was considered for screening.

In addition, the court's screening order directed Moore to show cause why his claims against Defendants Schuetzle, Dahl, and the Fargo police department should not be severed and served as three separate actions. This directive was challenged by Moore, but was upheld on appeal. Subsequently, Moore filed his objections to any severance of his claims.

In is prior screening order, the court stated the following:

> In this case, the claims against the Fargo Police Department and Special Agent Dahl do not appear to arise from the same transactions or occurrences with respect to each other or with respect to the claims against defendant Schuetzle. Consequently, it appears that the claims should be separated into three different actions.
> Rule 21 of the Federal Rules of Civil Procedure permits a court on its own initiative to order severance of misjoined parties at any stage of the proceedings, including this one. See Sanchez v. Johnson, 275 F.3d 1080 (Table), 2001 WL 1468049 (5th Cir. 2001) (*per curiam*); Payne v. Corrections Corp. of America, 194 F.3d 1313 (Table), 1999 WL 970295 (6th Cir. 1999) (*per curiam*); Smith v. Berdanier, 2005 WL 3488426 (M.D. Pa. 2005). Insistence on proper joinder is important in *pro se* prisoner proceedings because it helps to minimize the confusion and expense, particularly for the misjoined defendants. And, it helps to insure that the policies behind the "three strikes" provisions of 28 U.S.C. § 1915(g) are fully implemented. Nelson v. Francis, 2003 WL 21766528, *2 (N.D. Tex. 2003).
> Rule 21 commands, however, that misjoinder should not be grounds for dismissal of the action. Also, it is appropriate to give Moore an opportunity to respond before the court upon its own initiative seeks to remedy an apparent misjoinder. Moore will be given ten days to show cause why his claims against Schuetzle, the Fargo Police Department, and Special Agent Dahl should not be separated into three separate actions.

(Case No. 1:06-cv-079, docket # 7)

The court has reviewed Moore's objections to his claims being severed pursuant to Fed. R. Civ. P. 21 and concludes he has made no showing that his claims against Warden Schuetzle, the Fargo Police Department, and Special Agent Dahl arise from the same transactions and occurrences. Consequently, the claims have been misjoined and should be severed from each other for the reasons articulated above. And, while the court probably has the authority to require separate payments from Moore's prison account for the two severed actions it will not do so.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's claims against the Fargo Police Department are hereby severed from this action. These claims shall be pursued in a new case opened by the Clerk's Office, which shall be entitled: Anthony James Moore, plaintiff v. Fargo Police Department, defendant. In the file of the severed case, the court shall file copies of the amended complaint, all prior pleadings and orders (including this order) beginning with Docket No. 7. The Clerk's Office, with any necessary assistance of the United States Marshal, is directed to serve the Fargo Police Department with copies of Moore's amended complaint in accordance with Fed. R. Civ. P. 4.

2. Plaintiff's claims against Thomas Dahl are hereby severed from this action. These claims shall be pursued in a new case opened by the clerk, which shall be entitled: Anthony James Moore, plaintiff v. Thomas Dahl, in his individual and official capacities, defendant. In the file of the severed case, the court shall file copies of the amended complaint and all prior pleadings and orders (including this order)

beginning with Docket No. 7.  The Clerk's Office <u>shall not make service</u> upon Thomas Dahl until further order of the court.

3. Plaintiff's claims against Timothy Schuetzle shall be retained in this action, which shall be re-captioned as: Anthony James Moore, plaintiff, v. Timothy Schuetzle, in his personal and official capacities, defendant, Case No. 1:06-cv-079.

4. Moore's motion to file a second amended complaint shall be filed Case No. 1:06-cv-079 only for consideration by the court in that action.  Once the court has conducted its review of motion, it will direct that service be made as appropriate.  In the interim, the Clerk's Office <u>shall not make service</u> upon Timothy Schuetzle until further order of the court.

Dated this 7th day of December, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge
