IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Anthony James Moore, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| vs. | ) | **MOTION FOR INJUNCTION** |
| | ) | |
| Timothy Schuetzle, | ) | |
| | ) | Case No. 1:06-cv-079 |
| Defendant. | ) | |

      Before the Court is Plaintiff Anthony James Moore's "Motion for Injunction" filed on October 30, 2005.  After an initial screening pursuant to 28 U.S.C. § 1915A, Magistrate Judge Charles S. Miller, Jr., allowed Moore to proceed with three claims against the Defendant including (1) deprivation of adequate exercise by prison officials during extended confinement in administrative segregation resulting in cruel and unusual punishment, (2) unlawful retaliation by prison officials on four allegedly causally related occasions for Moore having engaged in protected conduct, and (3) use of excessive force by prison officials when taking Moore to and from his cell amounting to cruel and unusual punishment.  Moore's current motion seeks "an injunction that he be released immediately from the administrative segregation department into the general population with signing a behaviral (sic) contract."  See Docket No. 5-1.

      Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, in determining whether a preliminary injunction should be issued, the Court must look to the specific facts shown by affidavit(s) to determine whether immediate and irreparable injury, loss, or damage will result to the applicant.  In determining whether preliminary injunctive relief should be issued, the Court is

1

required to consider the factors set forth in Dataphase Systems, Inc., v. C.L. Sys. Inc., 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*).  The Eighth Circuit summarized those factors as follows:

> When considering a motion for a preliminary injunction, a district court weighs the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest.  Dataphase Systems, Inc. v. C.L. Sys. Inc., 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*).  We reverse the issuance of a preliminary injunction only if the issuance "is the product of an abuse of discretion or misplaced reliance on an erroneous legal premise." City of Timberlake v. Cheyenne River Sioux Tribe, 10 F.3d 554, 556 (8th Cir. 1993) *cert. denied* 512 U.S. 1236, 114 S.Ct. 2741, 129 L.Ed. 2d 861 (1994).

Pottgen v. Missouri State High School Activities Association, 40 F.3d 926, 929 (8th Cir. 1994).

The burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant.  Baker v. Electric Co-op, Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer System, Inc. v. Modern Banking System, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (*en banc*).  "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Electric Co-op, 28 F.3d 1472 (quoting Calvin Klein Cosmetics Corporation v. Lenox Labs, Inc., 815 F.2d 500, 503 (8th Cir. 1987).

Having carefully reviewed the motion, the Court finds that Moore has wholly failed to meet his burden under Rule 65 of the Federal Rules of Civil Procedure.  None of the Dataphase factors weigh in favor of granting an injunction in this case.  Most notably, Moore has failed to establish a probability of success on the merits.  See S&M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992) (explaining that likelihood of success on the merits is the "most significant."). Moore has provided no evidence to support his assertions, and the exhibit attached to his motion reveals that Moore was placed in administrative segregation for staff safety.  See Docket No. 5-2.

There is no credible evidence to suggest that Moore will suffer irreparable harm if his request goes unfulfilled in the short term.

The Court finds that a preliminary injunction as requested by Moore is unwarranted under the circumstances. Moore has wholly failed to sustain his burden of establishing the necessity of an injunction, and he has failed to establish that the <u>Dataphase</u> factors support the issuance of injunctive relief. Accordingly, the Plaintiff's "Motion for Injunction" is **DENIED**. (Docket No. 5-1).

**IT IS SO ORDERED.**

Dated this 8th day of December, 2006.

<u>/s/  Daniel L. Hovland</u>
Daniel L. Hovland, Chief Judge
United States District Court